UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,

MDL NO. 1407

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT AND
GRANTING MOTION TO WITH-
DRAW

This document relates to:

*Fuller v. Whitehall-Robbins
Healthcare, C03-425*

This matter comes before the court on a motion for summary
judgment filed by defendant Wyeth and a subsequent motion to
withdraw filed by plaintiff's attorney, Brenda Ford. Having
reviewed the briefs and exhibits filed in connection with these
motions, the court finds and rules as follows.

Plaintiff Betty Fuller, on behalf of herself and her de-
ceased husband Bradley Fuller, filed this case on November 9,
2002, alleging that Mr. Fuller's January 10, 2001 stroke was
related to ingestion of certain PPA-containing medication.

The instant summary judgment motion is based on this court's
June 18, 2003 *Daubert* ruling, in which the court held inadmissi-
ble any evidence related to injuries alleged to have occurred
more than 72 hours after ingestion of a PPA-containing product.

In this case, Wyeth claims that plaintiff has been unable to adduce any conclusive evidence that he ingested the only Wyeth-manufactured product that has ever contained PPA, Robitussin CF. Instead, the bulk of testimony offered on plaintiff's behalf suggests that plaintiff, in fact, took only Robitussin DM, which does not contain, and never has contained, PPA.

In response, however, plaintiff submits the testimony of Brenda Ford, Mr. Fuller's niece. Ford stated in deposition and in an affidavit filed with the response that she observed a bottle of Robitussin CF in the Fuller household in the days leading up to the stroke, and that she witnessed Mr. Fuller taking the medication on two occasions on January 7, 2001, within 72 hours of his stroke.

While under ordinary circumstances Ford's testimony unques-tionably raises an issue of material fact, Wyeth argues that in this case the testimony is "inherently unreliable" and should be "disregarded". Wyeth's position is based on the improbable fact that Brenda Ford is also the Fullers' attorney in this case, having represented them from its inception. In support, Wyeth cites the Louisiana Rule of Professional Conduct 3.7, which provides that "[a] lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness" absent certain circumstances not applicable here.

Wyeth's resort to the rule, however, is unavailing. The rule relates to testimony at trial, not at the summary judgment stage. Indeed, in an attempt to comply with the rule Brenda Ford has

ORDER
Page – 2 –

moved to withdraw. Wyeth opposes the motion, asserting that Ford should not be allowed to remove from her testimony the "taint" of the fact of her representation. Wyeth has failed, however, to submit legal support for denying Ford the opportunity to withdraw as counsel and testify on her family's behalf. The court there-fore grants Ford's motion to withdraw.[1]

Whether Ford's actions have been rigorously ethical is not a question before the court; the only question is whether her testimony -- which admittedly creates a genuine issue of material fact -- would be admissible at trial. As she is no longer plain-tiffs' attorney, the evidence before the court at this point indicates that the answer to that question is yes.

Wyeth also submits that Ford's testimony is unbelievable, not only because she allegedly had something to gain from it, but also because she testified that Mr. Fuller ingested Robitussin CF only after it became clear that the CF formula was the only Robitussin that ever contained PPA. Wyeth moves under Federal Rule of Evidence 403 for suppression of Ford's testimony, arguing that the prejudicial nature of the testimony outweighs its probative value. The believability of a witness, however, is the unique province of the jury. Wyeth will have ample opportunity to assail the credibility of the witness and her testimony at trial.

---

[1]The motion to withdraw is granted only as to Brenda Ford. It is the court's understanding and intention that the Fullers continue to be represented by other attorneys with the Piper & Associates law firm, and specifically by remaining counsel of record, Robert Piper, Jr.

ORDER
Page - 3 -

On summary judgment, however, the question is only whether such evidence exists, not whether it is credible.

For the foregoing reasons, Wyeth's motion for summary judgment is DENIED. Plaintiffs' counsel's motion to withdraw is GRANTED. Wyeth's motion to substitute certain summary judgment exhibits is GRANTED as unopposed.

DATED at Seattle, Washington this 28th day of August, 2006.

*Barbara J. Rothstein*

UNITED STATES DISTRICT JUDGE

ORDER
Page – 4 –